In re CHATEAUGAY CORPORATION, Reomar, Inc., The LTV Corporation, et al., Debtors.

The LTV CORPORATION, LTV Steel Company, Inc. and Gulf States Steel Corporation, Plaintiffs,

v.

GULF STATES STEEL, INC. Defendant.

No. 91 Civ. 1826 (LLS).
Adv. No. 91–5110A.

United States District Court, S.D. New York.

May 3, 1991.

Scott Thompson, Davis Polk & Wardwell, New York City, for plaintiffs.

Kenneth A. O'Brien, Kelley Drye & Warren, New York City, for defendant.

## ORDER

STANTON, District Judge.

Due consideration having been had, and it sufficiently appearing that this adversary proceeding poses issues involving application of the environmental protection laws to the condition of the Gadsden facility and the provisions and intent of Judge Pratt's judgment and subsequent orders—

1. This court's referral of this proceeding (Adv.Proc. No. 91–5110A (BRL)), is withdrawn;

2. In the interest of justice and in deference to its retention of jurisdiction in Article XIII of the August 2, 1984 final judgment entered by the United States District Court for the District of Columbia (per Hon. John H. Pratt, U.S.D.J.) in *United States of America v. The LTV Corporation, et al.* Civil No. 84–0884, this proceeding is respectfully transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Columbia for such further proceedings as that court sees fit;

3. The application of Gulf States Steel, Inc. for leave to deposit money in this court's registry is denied without prejudice to a similar application before the United States District Court for the District of Columbia; and

4. The motion of the State of Alabama to intervene or file papers as an amicus curiae is granted, only to the extent that its papers were received and considered in support of the motion to withdraw and transfer.

SO ORDERED.